**STATE ex SLUSSER v LOOKER et**

Ohio Appeals, 9th Dist, Summit Co

No 2289.   Decided July 5, 1933

Charles F. Schnee, Akron, for plaintiff.

Ray B. Watters, Prosecuting Atty., Akron, and Clyde B. MacDonald, Asst. Pros. Atty., Akron, for defendants.

ROBERTS, J (7th Dist) sitting by designation in place of WASHBURN, PJ,

By ROBERTS, J.

This action was commenced in this court, and upon the filing of the petition an alternative writ was allowed, to show cause why the prayer of the petition should not be granted, and the cause has now been submitted to this court for determination upon the merits.

As indicated by the title, the relator is Lewis D. Slusser, as judge of the Probate Court of Summit County, Ohio. The cause was submitted upon an agreed statement of facts and briefs.

It is alleged in part in the petition that pursuant to §2981 GC, from time to time during his terms of office as judge of the Probate Court of Summit County, he, the relator, has appointed and employed such deputies, assistants, clerks, bookkeepers and other employees as were necessary for the proper operation and maintenance of said Probate Court, fixed their compensation, and filed with the county auditor of Summit County, certificates of such action; that for a long time previous to the beginning of the fiscal year of the county on the first day of January, 1932, all but four of the deputies, assistants, clerks, bookkeepers and other employees were in the classified service as defined by the General Code of Ohio, and under the jurisdiction of the state civil service commission of Ohio; that the said compensation so fixed by him for said deputies, assistants, clerks, bookkeepers and other employees is paid semi-monthly from the county treasury upon the warrant of the county auditor; and that such deputies, assistants, clerks and other employees are entitled to receive out of the general county fund such compensation heretofore fixed and allowed.

It is further alleged, in effect, that, at the request of the county commissioners respecting the requirements for the expenses of operating and maintaining the Probate Court of Summit County during the fiscal year of 1932, said relator advised them by letter as to his needs for all purposes during said fiscal year, that acting upon his recommendation but not complying wholly with his request, the board of county commissioners on the 4th day of January, 1932, by resolution duly passed, resolved that to provide for the current expenses and other expenditures of said county during the fiscal year ending December 31, 1932, certain sums be and were thereby set and appropriated for the several purposes for which said expenditures were to be made, and that there be appropriated from the general fund the sum of $33,000 as a fund for the payment of the compensation of the deputies, assistants, clerks, bookkeepers and other employes of the Probate Court, as so fixed by the relator.

It is further alleged, in substance, that on the 4th day of January, 1932, the county budget commission of Summit County, Ohio, executed and delivered to the board of county commissioners of Summit County, its amended official certificate of estimated resources for the fiscal year beginning January 1, 1932, as revised by the budget commission of said county, which should govern the total of appropriations made at any time during such fiscal year, and that the total of appropriations made by the board of commissioners of Summit County on the 4th day of January, 1932, did not exceed the amount set forth as available for expenditure in said amended official certificate of estimated resources; and that thereafter, at the appropriate time, the auditor of Summit County duly certified that the amount required to meet the said expense of $33,000 for the payment of said compensation to said deputies, assistants, clerks, bookkeepers and other employees of said Probate Court during the fiscal year ending December 31, 1932, had been lawfully appropriated for such purpose and was in the treasury or in process of collection to the credit of an appropriate fund, free from any previous encumbrances.

It is further alleged that, on or about the 3rd day of February, 1932, after the relator had duly fixed the compensation of his deputies, assistants, bookkeepers, clerks, and other employes, and wholly without warrant of law, the board of commissioners of Summit County attempted to amend its said appropriation resolution by reducing the appropriation which it had made for the payment of the compensation of said deputies, assistants, bookkeepers, clerks and other employees, below an amount sufficient to cover all unliquidated and outstanding

contracts or obligations, certified against the appropriation for such purposes; and that likewise, on or about the 5th day of July, 1932, the commissioners of Summit County attempted further to amend said appropriation resolution of January 4, 1932, by making a further reduction and thereafter, on the 30th day of November, 1932, the commissioners of Summit County, considering that it had duly made the reduction of February 3, 1932, to-wit, in the sum of $2050, and that it had duly made the further reduction on the 5th day of July, 1932, to-wit, in the sum of $3640, again attempted to amend its appropriation resolution of January 4, 1932, by putting back into said fund for compensation of assistants and clerks in the Probate Court, the sum of $1984, and on the same date transferred the sum of $150 from a stationery and supplies fund of the Probate Court to the compensation of assistants and clerks fund.

It is also alleged that on the 14th day of December, 1932, the relator certified to the auditor of Summit County the payroll of his employees, aggregating the amount of $2425, and that on the 21st day of December, 1932, said payroll was duly transmitted by the auditor of Summit County to the state civil service commission of Ohio for its approval, and that on the 27th day of December, 1932, the state civil service commission duly transmitted said payroll, together with its certificate of approval, to the auditor of Summit County, and that said payroll account, as so certified and approved, is now in the hands of said auditor of Summit County, and but for the unwarranted amendments of the appropriation resolution of the commissioners of Summit County, and their unwarranted action in reducing the amount of the appropriation which it made for the payment of compensation of the assistants and clerks in the Probate Court as aforesaid, there would be more than enough money in the hands of the treasurer of Summit County to the credit of said fund for the use of said board of commissioners and not otherwise appropriated, to pay the payroll of the relator's deputies, assistants, clerks, bookkeepers and other employees for the month of December, 1932.

Other allegations of the petition are to the effect that said fund is deficient for the intended purpose by reason of said amendments and withdrawals from said fund in the sum of $2425.

The prayer of the petition is that a writ of mandamus issue, commanding said commissioners of Summit County to restore to said fund the amounts unlawfully and irregularly taken therefrom, as hereinbefore stated, in the sum of $2425, thereby making said fund sufficient for its intended purpose of remunerating the deputies, assistants and other employees of the Probate Court for the year 1932, and that the said Jacob C. Mong, as auditor, deliver his warrant upon the treasurer of Summit County in favor of said relator for such amount.

An answer was duly filed by the defendants, and issues were thereby developed.

It is conceded that, after this action had been commenced, to-wit, on February 8, 1933, Lewis D. Slusser, as judge of the Probate Court, went out of office, by reason of expiration of his term. It further appears to be clear, from the title of the action and the allegations of the petition, that the only plaintiff or relator in this action, and the then only person seeking relief therein, is the then judge of the Probate Court, Lewis D. Slusser.

The action was not brought by him as an individual or citizen, but only in his representative official capacity. By the expiration of his term, there was no one in this action seeking or qualified to receive the relief prayed for in the petition. No effort has been made to substitute another plaintiff or revive this action in any way. Therefore, this court is of the opinion that there is no one now seeking relief in this action or competent or qualified to demand relief. Such being the fact, this action should be and is dismissed, without prejudice.

This court is further of the opinion that, had the official term of the said probate judge, Lewis D. Slusser, not terminated previous to this time, even then he would not, as probate judge, be a competent or proper person to maintain this action for the accomplishment of its intended purpose. §12287 GC reads:

"The writ (mandamus) must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law. It may issue on the information of the party beneficially interested."

It does not appear that the relator, as probate judge, was beneficially interested in the securing of the relief prayed for in this action, the right to which was based upon the allegations of the petition which have hereinbefore been recited in part. As alleged, nearly all of the persons entitled to receive salary or wages were under civil

service. It is not apparent that the probate judge had, or could have any interest in the receiving of agreed salaries or wages by these employees and deputies, otherwise than dictated by a kindly sentiment in their behalf, and the desire that they receive the compensation which had been promised them—a sentiment which might be entertained by any well-meaning citizen. To entitle the relator, as such probate judge, to the relief prayed for, his right must be clear and the duty specifically enjoined by law.

State of Ohio ex Gallinger v Smith, County Auditor, 71 Oh St 13.

It follows that this action should be and is dismissed, without prejudice.

FUNK and STEVENS, JJ, concur in judgment.